

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street 7th floor   973-645-2700*
*Newark, New Jersey 07102*

September 3, 2019

Harry H. Rimm, Esq.
Sullivan & Worcester LLP
1633 Broadway
New York, New York 10019

    Re:    <u>Plea Agreement with Frank Gilliam</u>
               Cr # 19-719 (JHR)

Dear Mr. Rimm:

       This letter sets forth the plea agreement between your client, Frank Gilliam, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

       Conditioned on the understandings specified below, this Office will accept a guilty plea from Frank Gilliam to an Information which charges him with wire fraud, in violation of 18 U.S.C. § 1343.

       If Frank Gilliam enters a guilty plea to the Information and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Frank Gilliam for his scheme to defraud contributors to a youth basketball club of money between in or about 2013 and in or about 2018.

       However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Frank Gilliam agrees that any charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Frank Gilliam may be commenced against him, notwithstanding the expiration of the limitations period after Frank Gilliam signs the agreement.

<u>Sentencing</u>

       The violation of 18 U.S.C. § 1343 to which Frank Gilliam agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest

of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Frank Gilliam is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Frank Gilliam ultimately will receive.

Further, in addition to imposing any other penalty on Frank Gilliam, the sentencing judge: (1) will order Frank Gilliam to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Frank Gilliam to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*; (3) may order Frank Gilliam, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) pursuant to 18 U.S.C. § 3583, may require Frank Gilliam to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Frank Gilliam be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Frank Gilliam may be sentenced to not more than two years' imprisonment, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Restitution

Frank Gilliam agrees to make full restitution for all losses resulting from the criminal activity underlying the charge in the Information in the amount of $87,215. Frank Gilliam agrees that $41,335 in U.S. currency seized during the search of his residence on or about December 7, 2018 shall be applied to his restitution obligation.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Frank Gilliam by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Frank Gilliam's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Frank Gilliam agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Frank Gilliam from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Frank Gilliam waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Immigration Consequences

Frank Gilliam understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Frank Gilliam understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Frank Gilliam wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Frank Gilliam understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Frank Gilliam waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Frank Gilliam. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Frank Gilliam.

No provision of this agreement shall preclude Frank Gilliam from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Frank Gilliam received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Frank Gilliam and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: Sean Farrell
Assistant U.S. Attorney

APPROVED:

Lee M. Cortes, Jr.
Deputy Chief, Special Prosecutions Division

     I have received this letter from my attorney, Harry H. Rimm, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, restitution, stipulations, waiver, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____  Date: 9/6/19
Frank Gilliam


     I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, restitution, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____  Date: 9/6/19
Harry H. Rimm, Esq.

Plea Agreement with Frank Gilliam

Schedule A

1. This Office and Frank Gilliam recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Frank Gilliam nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

3. The applicable guideline is U.S.S.G. § 2B1.1. The guideline carries a Base Offense Level of 7 pursuant to U.S.S.G. § 2B1.1(a)(1).

4. The parties agree that the loss attributable to the offense conduct was more than $40,000 but less than $95,000. This results in a 6-level increase pursuant to U.S.S.G. § 2B1.1(b)(1)(D).

5. The parties agree that the offense conduct involved ten or more victims, which results in a 2-level increase pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i).

6. The parties agree that the offense involved a misrepresentation that Frank Gilliam was acting on behalf of a charitable organization. This results in a 2-level increase pursuant to U.S.S.G. § 2B1.1(b)(9)(A).

7. Accordingly, the parties agree that the total offense level for Count 1 is 17.

8. As of the date of this letter, Frank Gilliam has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Thus, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Frank Gilliam's acceptance of responsibility continues through the date of sentencing. U.S.S.G. § 3E1.1(a).

9. As of the date of this letter, Frank Gilliam has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Frank Gilliam's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Frank Gilliam enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Frank Gilliam's acceptance of responsibility has continued through the date of sentencing and Frank Gilliam therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Frank Gilliam's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

- 6 -

10. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Frank Gilliam is 14 (the "agreed total Guidelines offense level.")

11. Frank Gilliam reserves the right to move for a variance based on the factors set forth in 18 U.S.C. § 3553(a). This Office reserves the right to oppose such a motion. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein.

12. Frank Gilliam knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 14. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 14. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

13. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.